G. Joa, Inc. v. Fameccanica.Data S.P.A. 2018-12-19-25 commandments. Committee. Thank you, your honor. We go from digital media to diapers. The decision of the patent trial and billboard must be reversed. The prior art clearly taught the invention of the 761 patent. The coslet reference disclosed an aperture in the elastomeric material through which the first and second non-woven material layers bond to each other. The Kilpikowski reference expressly disclosed the non-woven facing sheets directly, autogenously, bonding to each other. The word autogenous means the same material is bonded to the same material. What a reference teaches is a fact question. We owe deference to the PTO on fact questions and the PTO found otherwise on both of those points. And I don't argue with you, your honor, but I do note that the plain meaning of the term autogenous is the same material being bound to the same material and that when the PTO created a brand new definition for the term autogenous out of thin air, it provided no reference in its opinion as to why that term was being interpreted in any way different than its plain and ordinary meaning. And that is clear error because there is no evidence to support that change in that term. That term was used at this in our petition. It was used in our oral argument to to properly indicate that the non-woven material was bonded directly to the non-woven material through the opening as laid out in Kilpikowski, and it was never ever objected to in that context. Let me see if I can understand what you're saying. The COSLA reference doesn't explicitly disclose the aperture feature, correct? What you're saying is that since COSLA used the same process it necessarily resulted in these apertures. It necessarily results in that, but also I would point out to you at Appendix 475 the claim of COSLA, which is the European reference, expressly says that its invention is a laminated fabric comprising first and second non-woven webs or apertured films of inelastic material ultrasonically bonded to each other at space-to-part intervals through holes in an elastomeric web sandwiched there between. So it has an elastomeric web there, and the second claim says the laminated fabric claimed in Claim 1 wearing the elastomeric web is a scrim. So it distinguishes the scrim, which has the openings in it, and it makes the elastomeric web have openings in it, which is a film. And in fact the COSLA reference... Okay, well, but the problem is the COSLA reference doesn't explicitly on the face of it say this, and we've got to defer to the to the board's interpretation of COSLA. So I'd like you to turn to Kilpiakowski, which does seem to be explicit. It is explicit, Your Honor, and that's at Appendix 493, excuse me, the letter. Kilpiakowski teaches the non-woven facing sheets to be directly autogenously bonded to one another. Autogenous bonds are the same material bonded to the same material as I previously stated. The board and the appellee supplied no evidence for contrary meaning. Where on 493 are you looking at? Excuse me. Oh. The entire... We've got column 10 beginning around line 17, right? Yeah. If you read right there, it says, a method for making such breathable cloth-like elastic non-woven laminar fabric comprises the steps of sandwiching a liquid impermeable non- woven carrier sheets 110 between at least a pair of non-woven facing sheets 112, 114, and bonding the facing sheets together by autogenous bonds shown by the arrows 118, such as ultrasonically or thermally generated bonds, through the carrier sheet 112 at space-depart sites 116, thereby forming breathable apertures 120 through the carrier sheet, which laminate the carrier sheet and the facing sheets together at the space-depart sites 116. Now, 118, unfortunately, we don't have the drawings in this specific appendix, but it is in the opinion, if you go to the opinion at appendix 29, and I apologize for bouncing around here, your honors, but as you can see, those figures at appendix 29, figures 16, 17, and 18 are from Kilpikowski, and you see the arrow 118 going all the way through the opening, and that's where the autogenous bond is that bonds the two facing non-woven sheets together. So Kilpikowski expressly notes that Kilpikowski also notes that, and I would go to appendix 493 again at column 10, lines 28 through 54, that if you bond the elastomeric film, the by-means-of definition that was chosen by the patent trial and appeal board, if you did that, what would happen would be there'd be a problem because the elasticity of the material and the stretch would be hurt. The idea of Kilpikowski, just like the idea in the 761 patent, is to allow these these materials to stretch. So what did the board say about the disclosure of Kilpikowski in column 10 as not disclosing the invention here? What did they say about that? Well, when we got to that portion of the appendix at 29, excuse me, of the appendix that we just previously read from the Kilpikowski specification, what the board said was that that disclosure was ambiguous regarding the specific layers being autogenously bonded, and they specifically said, although the petitioner's reading of the sentence... Where are you reading from? I'm sorry, I'm reading from the opinion at appendix 33, your honor. I apologize. I should have said that right away. 33? Yes, it's appendix 33, which is page 33 of the decision. Although petitioner's reading of the sentence is one possible interpretation, this sentence could just as easily be read as teaching that the facing sheets 112 and 114 are each autogenously bonded with the carrier sheet. That is exactly the opposite of what the term autogenous plainly means. The next sentence is the second reading more closely corresponds to the disclosure in the figures. So they're making a judgment there. Don't we have to defer to that? You do not have to defer to a judgment that is clearly wrong and clearly uses a redefinition of a term from its plain meaning to a meaning that it doesn't have, where that meaning is not supported by evidence of the record or a reasoning by the panel to demonstrate why that term should be given any different meaning. What is the second reading that they are referring to here? They say the second reading can just be easily read as teaching the facing sheets 112 and 114. Those are the carrier sheets. Those are the two outer sheets, right? Right. They're saying that the facing sheets could be... Each autogenously bonded with carrier sheet 110. The carrier sheet they're saying is the stretchable material. Yeah, I understand that, but the carrier sheet is the stretchable material? Yeah. But isn't 110 the elastomeric material? Yeah, they say, well, if you read the paragraph above, Your Honor, it says that it's the sandwiching of a liquid, impermeable, and non-self-adhering elastomeric film or non-woven carrier sheet 110 between at least a pair of non-woven sheets 112 and 114 and bonding the facing sheets 114 together by autogenous bonds. The whole phrase and purpose there is to bond the facing sheets together by autogenous bonds. That's the same material being bonded to the same... I'm still trying to understand what the board is saying and what this alternative interpretation is. I mean, 110 is not the carrier sheet, right? Well, I think what they're pointing back to is in that prior paragraph... Where it says elastomeric film or non-woven carrier sheet. Right. So 112 and 114 are the... Which are bonded to each other. So what are they saying? That maybe this just shows bonding one carrier sheet to the elastomeric material? I'm not sure that I understand what they're saying. I think what they're trying to say... And I agree, Judge. What the board's analysis is is not clear. What they're trying to say is that the facing sheets, 112 and 114, are being bonded together by means of the elastomeric material. That is to say, this sort of indirect bonding is what they're trying to say there. What I'm saying is that's not what it says. Because first it uses the word autogenous, meaning it has to be the same material bonded to the same material. But it also expressly says that the facing sheets are bonded together. It doesn't say that all three layers are bonded together. So where the board came up with this, I agree. It's confusing because it's not what is being said in Kilpikowski. Did I answer your question, Judge, first of all? Because I was going to move on to another point, if I may. You can move on. I guess I should move on. Should I move on? Yeah. Okay, I'm sorry. The other point I wanted to bring up was the claim construction of through the aperture being limited by the board to just the direct contact of the facing sheets. Now I think Kilpikowski still anticipates even under that limited claim construction. But it's my position that that claim construction through the aperture should have allowed for both direct and indirect bonding. And they divorced themselves from the specification when they made their claim construction on through the aperture because they relied upon the patent owner's expert, specifically his figures one and two, which are shown at appendix page 15 as an embodiment of the claim one of the invention. The problem is that he testified that these figures were not based upon the specification of the 761 patent. They were his mind picture. And that was his word, his mind picture. And he based it on just reading the claim. And you can see that from his testimony at appendix pages 2593 through 2594. Counsel, you wanted to save some rebuttal time. You were well into it. You are saved. I will save what I can, Your Honor. Thank you so much. We'll hold it for you. May it please the Court. I am Pete Pappas, counsel for the patent owner and DePelle. I'd like to acknowledge my colleagues, Carissa Blythe and Ann Fort, with me here today. There are at least Look at Kilpiakowski, which on its face in column 10 seems to explicitly describe the invention here. And the board has said, no, there's an alternative interpretation of Kilpiakowski. Help me understand what the alternative interpretation is and why that alternative interpretation is not the invention here. Yes, Your Honor. The interpretation of Kilpiakowski is that it discloses the three-layer laminate with the two bondable outer layers bonded to each other by means of or through the middle layer, which would be the stretchable plaster. And it shows an aperture, right? Kilpiakowski talks about an aperture. It does talk about and show apertures, but it does not describe or show bonding through the apertures. But isn't that what that word means autogenously? Autogenously means that materials are bonded together without the addition of another material like an adhesive. And the term autogenous is not so limited as to the bonding of two materials directly to each other, but can include in this circumstance, for example, with Kilpiakowski, bonding of the three materials to each other. What's your record evidence for that? We have, in addition to what's shown in Kilpiakowski, that interpretation is consistent with what you see in Kilpiakowski. Well, I don't see Kilpiakowski explaining that one way or another. I'm referring to the drawings, Your Honor, but also in the record, patent owner's expert, John Blevins, with 30 years' experience in material type bonding. Where is that? With... So in the appendix pages 1929, paragraph 79, for example... 1829? 1929. 1929. Mr. John Blevins' declaration does describe what Kilpiakowski discloses, which is the bonding of the two outer layers, if you will, with or through or by means of the middle elastomeric layer. But I thought that under the board's own claim construction that you could have a bonding of the three layers at a point within the arbiter, even as long as around that bonding site there is a space, which has a hole in the elastomeric layer. What the board... Isn't my statement correct, that they say that? They say that that's one of the embodiments? That... I don't believe that's exactly what they said. That you can have an aperture, and you can have a bond of all three layers in the middle of the aperture, right? What they found was that... No, just tell me if I'm right or wrong. Am I wrong? Am I right? Well, you could come up with... I mean, that is a possible bond that could be made with ultrasonic bonding, yes. Okay, so there's nothing wrong with having a bond that includes the middle layer as long as there's an aperture outside that bonding site, right? Well, for purposes of the claim in question here, whether there is, in addition to what's in the claim, that type of structure present, that certainly is possible. But in terms of relevance to the claim, it's anticipation. Why doesn't... Why doesn't Kopiakowski, even under the board's interpretation, show that? It has a bonding site which has all three layers, but it also says there's an aperture, right? Yes. Well, so what's the matter with that as an anticipatory reference under that claim construction, which permits a bond of all three layers in the middle of the aperture? Well, what the claim interpretation does require of the claim, that there be bonding of the two outer layers directly to each other within or at the aperture. And that's what's not disclosed. That's what's in the claim, but not disclosed in Kopiakowski. You can't have a bonding that includes all three layers at the middle of the aperture? That would... You can't. You can't, right? You could with ultrasonic bonding, but in terms of anticipating the claim, it has to anticipate what is actually in the interpreted claim, which is to have the two outer layers bonded directly to each other within or at the aperture. And the board expressly states that, you know, that does not include bonding the two outer layers through the middle layer. So in its interpretation, the board said both of those things, that bonding through the aperture meant bonding the two layers directly to each other within or at the aperture, and that it also does not mean the two layers bond to each other through the elastic or stretchable layer. But how could you read the reference in column 10 of Kopiakowski as saying anything else? It says, such that the ultrasonically or thermally generated bonds through the carrier sheet, space departs sites 16, therefore forming breathable apertures through the carrier sheet. Through the carrier sheet, which laminate the carrier facing sheets together at the space depart sites. Doesn't that talk about bonding the two outer layers? No, Your Honor, it does not. It doesn't talk about bonding the two outer layers through the aperture or within or at the aperture, as expressly required by the claim for the 761 patent. It simply discloses that there are apertures in this structure and that the layers are bonded together. It does not disclose the structure or the method described in the claims of 761 patent, where the ultrasonic bonding creates the aperture and then bonds the two outer layers through or within or at the aperture. That is not disclosed expressly or inherently, and there's substantial evidence in the record of that, including the testimony of John Blevins in his analysis, which determined lack of anticipation. Did the board rely on that testimony? Yes, Your Honor, the board did rely on that testimony and also expressly found Mr. Blevins to be credible in particular. That's at the bottom of Appendix 33, Mr. Blevins' testimony. And then on page 44, certainly a close question. Yes, Your Honor, I couldn't quite hear. Say again, please. It's certainly a close question, and I see that they do credit Blevins' testimony. Yes, Your Honor, Mr. Blevins' testimony is credited, and it's also quite substantial on this point. It's, I think, you know, for the question of anticipation, of course, it is a substantial evidence issue, and Mr. Blevins' testimony in combination with what is shown and described in Kilpikowski does provide at least substantial evidence for the board's lack of anticipation finding. And, you know, furthermore, with regard to Kilpikowski, in addition to lacking any express disclosure, it also fails to present information where the method and resulting patent claims are necessary to follow. Mr. Blevins' testimony in that is also quite extensive. And with regard to autogenous, if I may, substantively as we discuss autogenous, it does not carry the narrow definition that's presented by the appellant. But as I described earlier, certainly encompasses and would be consistent with the disclosure and figures of Kilpikowski to include bonding of the three components to one another, as is consistent with Kilpikowski and Mr. Blevins' testimony. Mr. Blevins did testify with regard to the disclosure of Kilpikowski and described Kilpikowski as disclosing bonding the two outer layers through the middle elastomeric layer, very consistent with a definition of autogenous. Also with regard to autogenous, we would note that that argument was not presented by appellant until oral hearing with the board, which was untimely as well. The board did consider that and made a finding on that, supported by substantial evidence of lack of anticipation. But also the evidence that appellant cites to, which is a dictionary.com definition, was not presented below, was only presented for the first time in the appeal documents before the school. You defined autogenous as not requiring a separate glue. They bonded together themselves. Yes, autogenous means the material is bonded to themselves and there is not the addition of another material, for example, and adhesive. So it would exclude having the elastomeric layer in between, right? In the context of Kilpikowski, which that is the fundamental structure here, three layers, two outer layers and a middle elastomeric layer, the reference shows those three being bonded together. But you're not answering my question. Autogenous means in this context that the two outer layers would be bonded together without the elastomeric layer in between. Your Honor, Pat and I would say no, that's not what it means with regard to Kilpikowski. You're using autogenous in a different sense in Kilpikowski? Yes, because autogenous means that materials are bonded to each other without an additional material. The three materials present and shown as bonded to each other in Kilpikowski are the three layers bonded to each other without the addition of another material such as an adhesive. So the disclosure of Kilpikowski itself is also consistent with the testimony of John Blevins. Bonding the facing sheets together by autogenous bonds, you're construing that as meaning that it can be bonded together by the elastomeric material? Yes, in the context of this structure. I'm not sure why. Why would it have a different meaning than usual? Well, I wouldn't say that the usual meaning is just that the two materials are bonded to each other. It's that materials are bonded to each other without the addition of additional materials. Here, the three fundamental materials are these three materials. The additional material is the elastomeric layer. In this case, when you look at Kilpikowski and its disclosure or lack thereof, Kilpikowski simply shows the materials being bonded, those three materials being bonded to each other. It does not show or disclose the two materials being bonded to each other within the aperture. And so the claim does not merely require holes and then the two outer layers bonded to each other. It requires that the ultrasonic bonding create the aperture and then bond the two outer layers directly to each other within the aperture. I see the word autogenous does not appear in Claim 1. Or am I missing it? It does not appear where, Your Honor? In Claim 1. Of the 761 patent? Yes. Correct. Autogenous does not appear. But it does describe the two outer layers of material being bonded to each other within the aperture, directly to each other in the aperture. Thank you, Counsel. Mr. Van Holt says some rebuttal time. Yes, Your Honor. Thank you. And again, we would ask for the Board's decision. I understand. I'll be very quick. I think that my learned friend on the other side here conceded that autogenous materials are materials without the addition of another material. It's bonding without the addition of another material. The Kilpikowski reference expressly defines that the nonwoven materials are the same materials. The elastic material is a different material. It says that the facing sheets, the nonwoven facing sheets, are bonded directly to each other through the elastic material. So there's this direct bonding. And, Your Honor, you are correct. The claim of the 761 patent does not use the word autogenous, and that means that its breadth is such that it should not be limited simply to a direct nonwoven-to-nonwoven bonding, but should include bonding that includes layers such as the elastomeric layer. And Kilpikowski clearly anticipated that claim. The panel decision was wrong, and we respectfully request that the PTAB decision be reversed. Thank you very much. Thank you, Counsel. We'll take this on revisal.